LARRY D. VAUGHT, Judge, dissenting. The majority goes to great lengths to explain why appellant’s probation was subject to revocation in general. However, that is not the question before us. Our review is limited to the question of whether the preponderance of the evidence supports appellant’s revocation based on his failure to comply with the standard “change of address” provision in the terms and conditions of his release. The petition for revocation and the ultimate revocation were based on this ground alone — whether appellant changed his address or stayed away from his address for an extended time. In my view, a fifteen-day stay in a rehabilitation center is not a change of address. Therefore, because I would reverse the trial court, I dissent. After pleading guilty to second-degree domestic battery for causing serious physical injury to his mother, Cole received a five-year probationary sentence conditioned on him entering “into and fully com-plet[ing] an in-patient mental health treatment program.” He was also subject to the standard probation requirements and was placed on a “minimal supervision” plan, which required that he report only four times per year (every three months). There are two provisions that are of particular relevance to this appeal: 8. ADDRESS: You must keep your current residential address with the Clerk of Court [ ] at all times you are on probation. In addition, you must notify your supervising officer in advance of any change of address, employment, telephone number of family state. Prior approval from a supervising officer is required for you to change or stay away on an extended basis from your place of residence or to quit your employment. In9. EXTRADITION: You must remain within the State of Arkansas unless granted written permission to leave by a supervising officer. You agree to waive extradition from any jurisdiction in or outside the United States of America and not to contest any effort to return you to the State of Arkansas. Cole was released into the care of Lois Cole, his mother (and the victim of his crime). According to the trial testimony, on April 20, 2012, Lois contacted Brent Scrimshire (Cole’s probation officer) notifying him that the “A Better Tomorrow” mental-health treatment facility had an open bed and she was seeking permission to send her son out-of-state. Scrimshire responded that the approval would need to come from his supervisor and that he could have an answer the following week. According to Scrimshire, Lois returned on April 25, 2012, to report that Cole had been admitted to the facility. After receiving the appropriate admissions paperwork from the facility, a violation report was filed against Cole with instructions that he be arrested upon his return. The only condition that Cole was alleged to have violated was condition “8. ADDRESS.” After hearing the evidence, the trial court admonished Cole: You had a chance to be on probation. Probation is one [of] those things that if a person is willing to help themselves, then the Court allows probation. That’s not what happened here. The Court is not going to keep giving you an opportunity to rehabilitate yourself when you chose not to do so. Your probation is revoked. Cole was then sentenced to ten years’ imprisonment in the Arkansas Department of Correction. A fifteen-day stay in a mental-health institution is not a “change of address” or a “change or extended stay” as set out in condition No. 8, which is clearly identified (in bold lettering) as an ADDRESS provision. Although I do not think a twenty-eight day stay would |12have implicated this provision either, it does not matter. He was only gone for two weeks. If he had been in Bridgeway in Little Rock (which is also a “residential” facility), on vacation, or visiting a relative, there would be no expectation that he submit a change of his address because his address would not have changed. Second, seeking the treatment was also a condition of his release. And, for the trial court to find that it was “not going to keep giving [Cole] an opportunity to rehabilitate [himself] when [he] chose not to do so” as the basis for the revocation is against the preponderance of the evidence. In fact, trying to rehabilitate himself was precisely what he was doing that gave rise to the alleged violation. Third, had Cole’s probation been revoked based on provision No. 9, which requires that he receive approval before leaving the State of Arkansas, this case would be much more difficult. But, no such violation was alleged and cannot be a basis to support the revocation. Therefore dissent, and would reverse the ten-year sentence Cole received based on the fact that the trial court’s finding that he violated condition No. 8 of his release was against the preponderance of the evidence. HARRISON and HIXSON, JJ., join.